### KUBARA et al. v. UNITED STATES.

### No. 6147.

Circuit Court of Appeals, Third Circuit.

May 6, 1937.

Warren H. Van Kirk, of Pittsburgh, Pa., for appellants.

Charles F. Uhl, U. S. Atty., and Stanley Granger, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This case concerned a judgment on a bond given to the United States conditioned to secure the production of an alien alleged to be liable to deportation. The lat-

ter was released while the question of his deportation was being determined. The suit was pleaded, tried, and determined on the assumption that · the bond had been, prior to suit, adjudged forfeited by the Commissioner of Labor and that such forfeiture was a determination and finality of the obligors' liability. Indeed, the alleged right of action was stated in the plaintiff's statement of claim to be that "the Department of Labor entered an order in June, 1933, declaring the conditions of the bond broken and the penalty thereof forfeited, and the sum of Five Hundred Dollars ($500.00) then became due and payable to the United States from the said defendants, Walter Kubara and John Trojanowicz, jointly and severally." The jury, under binding direction of the court, found a verdict for the Government, the court stating in its opinion that the bond "had *already* been declared forfeited by the Commissioner General of Immigration." Thereupon the bondsmen took this appeal. We here note that on the argument of the case we requested counsel to cite to us any statute or enabling power authorizing the forfeiture of such a bond by a departmental officer and thus preclude an obligor from trying before a jury a breach of his bond. We find no such forfeiture power in a departmental officer.

Now the facts disclosed are that the bond was conditioned that the obligors "or either of them shall at *any time* upon request cause the said alien to be delivered into the custody of the said immigration officer for deportation under the aforesaid warrant to be made upon request of the proper immigration official, and to be complete only upon acceptance of the said alien by said immigration official." The immigration officer to whom delivery was to be made and who was to accept the · alien was William H. Marshall, located at Pittsburgh. He testified that at various times he requested the obligors to deliver the alien, which they failed to do. They in turn offered to prove that they were in search of the alien and so informed the immigration office; that they had located him; and that it was only a matter of time until they would pick him up; that the man in charge of the office "told them that they could have as long a time as they needed, within reason or words to that effect, as long as they were making a search"; that the inspector told them "to go ahead and as soon as they found him to notify them and they would assist in the capture"; *that they did so and finally found* him on September 5, 1933, at Ambridge, and they immediately went to Pittsburgh and informed the immigration office, which sent two men with them and the alien was arrested. Marshall testified that the office had been so notified of the location of the alien by one of the bondsmen and that two of his inspectors were sent with him and they arrested the alien. Being thus delivered to Marshall by the bondsman, the alien was, on October 2, 1933, deported. This proffered testimony was rejected by the court "because we were of opinion that the evidence sought to be offered would not relieve the defendants from the breach of the bond which had already been declared forfeited by the Commissioner General of Immigration."

In so ruling we are of opinion the court committed error. After delivery of the alien by the bondsmen, acceptance of him by the immigration officers, and deportation of the alien by the Government, indeed several months thereafter, this suit was brought to collect the penalty provided in the bond. The defendants had acted in good faith. At the argument it was stated without contradiction that they had spent $500 in their search. The purpose of the bond, namely, the deportation, had been effected by the bondsmen's effort; the bond providing that the bondsmen "shall at *any* time upon request cause the said alien to be delivered," and the warrant stating "delivery of the alien and *acceptance* for deportation will serve to cancel the outstanding appearance bond."

It is not contended by the obligors that a declaration of a forfeiture of the bond was a prerequisite to a suit on the bond, but that when a suit was brought it was the duty of the Government, as of any other litigant, to show the bond was breached; that they were not concluded by an alleged departmental forfeiture made in their absence; that the testimony offered should have been received; and that the bond had been complied with by them in their search and arrest of the alien.

We are, therefore, of opinion that when the Government brought this suit, long after acceptance and deportation, it had no cause of action. So regarding, the judgment is reversed, with directions to the District Court to enter judgment for the defendants.