**UNITED STATES v. WESTERN SURETY CO.**

No. 9630.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1941.

Wm. Fleet Palmer, U. S. Atty., and Betty Marshall Graydon, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This appeal is from a judgment of the district court denying appellant recovery in a suit on a bond given by appellee pursuant to the Act of February 5, 1917, 8 U.S.C.A. § 156, to insure the surrender of one Sucha Singh for deportation.

The major contention of the appellant is that the bond has been finally adjudicated to have been breached in a proceeding in the Department of Labor after notice and hearing to the appellee. The Board of Review of the Department of Labor recommended that the Immigration bond be declared breached and the penalty forfeited. On the same day it was so ordered by the Assistant to the Secretary of Labor.

The appellant claims that the order of the Assistant Secretary that the bond be declared breached is final and not reviewable except for failure to afford a fair hearing or manifest abuse of power. No statute or regulation conferring such adjudicating power on the Department officials has been cited. We agree with the decision in Kubara v. United States, 3 Cir., 89 F.2d 965 that it does not exist.

A warrant for the arrest and deportation of the alien Sucha Singh was issued on October 3, 1936, by the Secretary of Labor. Singh was taken into custody but released upon the bond. The condition of the bond is that if the alien "is found to be unlawfully within the United States and is for any reason released from custody pending issuance of a warrant of deportation or after said warrant has been issued and pending final deportation, the above-bounden obligor, or either of them, shall cause said alien to be *delivered into the custody of an immigration and naturalization official of the United States,* upon and pursuant to the request of said official or of any other official of the United States Immigration and Naturalization Service, *for deportation under the aforesaid warrant of*

*deportation,* and said alien is accepted by such official, then this obligation to be void; otherwise to remain in full force and virtue." (Italics supplied.)

Deportation is a civil proceeding. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 154, 44 S.Ct. 54, 68 L.Ed. 221. Like any civil bond the one here in question shall be strictly construed. Crane v. Buckley, 203 U.S. 441, 27 S.Ct. 56, 51 L.Ed. 260.

The request of the official stated that the alien should be delivered on October 12, 1938, but did not state that the alien is to be delivered into custody of an Immigration official "for deportation under the aforesaid warrant of deportation" and hence does not create the condition precedent necessary to require the obligor to make the surrender. The bare request for the surrender on a certain date is not sufficient. This construction is in accord with the statute providing that the bond shall be "conditioned that such alien shall be produced when required for * * * deportation if he shall be found to be unlawfully within the United States." Act February 5, 1917, c. 29, sec. 20, 39 Stat. 890, 8 U.S.C.A. § 156.

The district court found on supporting evidence that the alien was on October 25, 1938, produced before he was required for deportation, the production being caused by the appellee, and it is admitted he was not deported until December 1, 1938. Thus there was substantial compliance with the condition of the bond and the court below did not err in so holding.

Judgment affirmed.