**NOT FOR PUBLICATION**

MAY 26 2015

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARWIN MAZARIEGOS-DIAZ, AKA Darwin Manuel Mazariegos,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-73581<br><br>Agency No. A078-064-843<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2015[**]
San Francisco, California

Before: SCHROEDER and SILVERMAN, Circuit Judges, and HUCK, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul C. Huck, Senior District Judge for the U.S.
District Court for Southern Florida, sitting by designation.

Darwin Mazariegos-Diaz, a Guatemalan citizen, petitions for review of the Board of Immigration Appeals' denial of his untimely motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We **DISMISS** in part and **DENY** in part the petition.

Mazariegos-Diaz did not make the first of the arguments he articulates now in his motion to reopen before the BIA: that he is an unaccompanied alien child as that term is defined by the Trafficking Victims Protection Reauthorization Act because he was ten years old when his mother applied for asylum and therefore his asylum application must be adjudicated in the first instance by the United States Citizenship and Immigration Services. Because the argument is unexhausted, this court lacks jurisdiction to consider it, *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004), and that aspect of the petition for review is **DISMISSED**.

We do have jurisdiction to consider Mazariegos-Diaz's other arguments: that USCIS must adjudicate his *current* asylum application under the TVPRA because, notwithstanding the fact that Mazariegos-Diaz was twenty years old when he filed his current asylum application, he was ten years old when his mother fled to the United States and left him in Guatemala and sixteen years old when he entered the United States. Because the BIA correctly concluded that Mazariegos-Diaz was not

an unaccompanied alien child when he filed his application, the court **DENIES** the remainder of the petition.

A person's status as an unaccompanied alien child for purposes of the TVPRA's initial-jurisdiction provision is determined as of the date the person applies for asylum, not as of the date the person enters the United States or the date the person was abandoned by his or her parents. *See* 8 U.S.C. § 1158(b)(3)(C) ("An asylum officer . . . shall have initial jurisdiction over any asylum application *filed by an unaccompanied alien child*") (emphasis added); *Harmon v. Holder*, 758 F.3d 728, 735 (6th Cir. 2014) ("[T]he TVPRA does not transfer initial jurisdiction over asylum applications filed by former unaccompanied alien children to the USCIS"). Mazariegos-Diaz was twenty years old when he applied for asylum; as he was over eighteen years of age, he was not an unaccompanied alien child. *See* 6 U.S.C. § 279(g)(2). The other dates he argues (the date his mother left Guatemala and the date he entered the United States) are irrelevant to that determination.

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**