**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIN YU HE, | No. 12-71648 |
| Petitioner, | Agency No. A099-666-095 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Petitioner Xin Yu He petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal of the Immigration Judge's ("IJ")

decision denying his claim for asylum and withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the case to the BIA to reassess He's jurisdictional argument under the Trafficking

Victims Protection Reauthorization Act of 2008 ("TVPRA").

**1.** He argues that the TVPRA divests the IJ of jurisdiction over his

asylum application. The TVPRA gives "unaccompanied alien children"[1] the right

to have their asylum applications reviewed in the first instance by a United States

Citizenship and Immigration Services ("USCIS") asylum officer. 8 U.S.C. §

1158(b)(3)(C). The parties agree that if He was under eighteen years old when he

filed his asylum application on January 17, 2007, then he qualifies as an

unaccompanied alien child for purposes of the TVPRA. If, as He claims in his

asylum application and on appeal, he was born on August 27, 1989, then he

qualifies. But if, as the IJ found, He was born on August 27, 1987, then he does

not qualify. Thus, our review turns on the BIA's determination of He's birth date.

The BIA's decision, however, drew two inconsistent conclusions, each of

which supports a different birth date. First, the BIA concluded that He "became 18

years old in August 2007, and therefore the TVPRA was not applicable to his case

on its effective date." This statement indicates that He was born in 1989. As the

government now recognizes, contrary to the BIA's legal conclusion, the TVPRA

provision applies to individuals who were unaccompanied alien children at the

---

[1]*See* 6 U.S.C. § 279(g).

time they applied for asylum, even if they turned eighteen years old before the TVPRA's effective date. *See Mazariegos-Diaz v. Lynch*, No. 11-73581, 2015 WL 3372247, at \*1 (9th Cir. May 26, 2015); USCIS, *Implementation of Statutory Change Providing USCIS with Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children* 2-3 (Mar. 25, 2009), *available at* http://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/2009/uac_filings_5f25mar09.pdf. It follows that He would qualify for the TVPRA's jurisdictional provision were he born in 1989, as the BIA stated.

In the same paragraph, however, the BIA affirmed the IJ's factual finding that He was born in 1987. Because we cannot reconcile these statements as to He's date of birth, and because He's date of birth is critical to resolving his jurisdictional claim, we remand the matter to the BIA to reassess whether He qualifies as an unaccompanied alien child for TVPRA purposes.

2.	At the hearing before the IJ, He presented a notarial birth certificate, a national identification card, and a middle school graduation certificate to establish that he was born in 1989. The IJ did not explicitly discredit these documents, but instead relied solely upon the government's I-213 form to find that He was born in 1987. On remand, the BIA should review the IJ's factual findings about He's age for clear error, 8 C.F.R. § 1003.1(d)(3)(i), keeping in mind our well-established

3

rule that IJs "cannot selectively examine evidence in determining credibility, but rather must present a reasoned analysis of the evidence as a whole." *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (quoting *Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010)). Alternatively, the BIA may remand the matter to the IJ for further proceedings.

**3.** Because we cannot evaluate He's threshold jurisdictional argument on the present record, we do not address the merits of He's religious persecution claim.

**GRANTED and REMANDED.**