# Matter of M-A-C-O-, Respondent

*Decided October 16, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An Immigration Judge has initial jurisdiction over an asylum application filed by a respondent who was previously determined to be an unaccompanied alien child but who turned 18 before filing the application.

FOR RESPONDENT: Cristobal Colindres, Esquire, Dallas, Texas

BEFORE: Board Panel: COLE and WENDTLAND, Board Members; CROSSETT, Temporary Board Member.

CROSSETT, Temporary Board Member:

In a decision dated September 29, 2017, an Immigration Judge denied the respondent's applications for asylum and withholding of removal and ordered him removed from the United States. The respondent has appealed from that decision on jurisdictional grounds. The appeal will be dismissed.

The respondent is a 21-year-old native and citizen of El Salvador who entered the United States on or about January 1, 2015, without being admitted or paroled. He was 17 years old at the time of his entry. The respondent was apprehended by the Department of Homeland Security ("DHS") and was determined to be an unaccompanied alien child ("UAC"). On January 15, 2015, he was served with a notice to appear.

On March 31, 2015, the respondent appeared at his initial Immigration Court hearing with his aunt. Noting that the respondent had turned 18 on March 21, 2015, the Immigration Judge moved his case from the UAC docket to the adult docket and continued the proceedings to give him an opportunity to retain counsel.

On July 22, 2015, the respondent appeared in Immigration Court with counsel, who admitted the factual allegations and conceded the charge of inadmissibility set forth in the notice to appear. Counsel also stated that he had filed an Application for Asylum and for Withholding of Removal (Form I-589) with the United States Citizenship and Immigration Services ("USCIS") on behalf of the respondent because he had entered the country as a UAC. However, the Immigration Judge determined that she—not the USCIS—had initial jurisdiction over the respondent's asylum application because he had turned 18 and ceased to be a UAC before the application was

filed. Having anticipated that the Immigration Judge might decline to continue the proceedings pending adjudication of the respondent's asylum application, counsel had prepared a second application, which he filed with the court that day. On September 29, 2017, the respondent signed that application in open court and testified in support of it. The Immigration Judge denied the application.

The sole issue on appeal is whether the USCIS or the Immigration Judge has initial jurisdiction over an asylum application filed by a respondent who was previously determined to be a UAC but who turned 18 before filing the application.[1] The respondent argues that the Immigration Judge erred by exercising initial jurisdiction over his asylum application. Invoking the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat. 5044 ("TVPRA"), he claims that, regardless of the fact that he turned 18 before filing his application, the USCIS has jurisdiction because he had been determined to be a UAC. The respondent therefore requests that we vacate the Immigration Judge's decision and remand the record to await an adjudication from the USCIS. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2018).

The respondent argues that because he was determined to be a UAC when he was apprehended by the DHS after entering the United States, the determination should remain in effect unless and until it is formally revoked by the Department of Health and Human Services ("HHS"), U.S. Customs and Border Protection ("CBP"), or U.S. Immigration and Customs Enforcement ("ICE"). In support of his assertion, he relies on an internal USCIS memorandum to asylum officers, which states that once an alien has been determined to be a UAC, the asylum office will adopt that determination without further factual inquiry, absent an "affirmative act" by the HHS, ICE, or CBP to terminate it before an initial asylum application was filed. Memorandum from Ted Kim, Acting Chief, USCIS, Asylum Division, to Asylum Office Staff (May 28, 2013), https://www.uscis.gov/sites/default /files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/2013 /July%202013/Memo-Determining-Initial-Jurisdiction.pdf ("Kim Memo").

According to section 208(b)(3)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(3)(C) (2012), which was enacted pursuant to section 235(d)(7)(B) of the TVPRA, 122 Stat. at 5081, a USCIS "asylum officer . . . shall have initial jurisdiction over any asylum application *filed by an unaccompanied alien child* . . . ." (Emphasis added.) The term "unaccompanied alien child" is defined in 6 U.S.C. § 279(g)(2) (2012), as a child who—

---

[1] The respondent neither disputes removability nor challenges the Immigration Judge's determination that he did not demonstrate his eligibility for the requested relief.

(A) has no lawful immigration status in the United States;
(B) has not attained 18 years of age; and
(C) with respect to whom—
    (i) there is no parent or legal guardian in the United States; or
    (ii) no parent or legal guardian in the United States is available to provide care and physical custody.

"Viewing the statute as a whole, nothing in the TVPRA or the statute it revised suggests that the jurisdictional provision applies to *formerly* unaccompanied alien children." *Harmon v. Holder*, 758 F.3d 728, 734 (6th Cir. 2014); *see also Matter of Castro-Tum*, 27 I&N Dec. 271, 279 n.4 (A.G. 2018) ("An alien who does not meet the statutory definition of an unaccompanied alien child is not entitled to that status."). Thus, viewed in context, the most natural reading of the statutory language is that an asylum officer only has initial jurisdiction over a UAC's asylum application if it is filed while the applicant is in UAC status. *Harmon*, 758 F.3d at 734 ("The language 'filed by an unaccompanied alien child' creates simultaneous statutory requirements—filing the asylum application while an unaccompanied alien child. Harmon was not a child when she filed her asylum application at the age of twenty-three. The provision simply does not apply to her."); *accord Mazariegos-Diaz v. Lynch*, 605 F. App'x 675 (9th Cir. 2015).

While section 208(b)(3)(C) of the Act limits an Immigration Judge's jurisdiction over an asylum application *filed by a UAC*, the statute does not prevent the Immigration Judge from determining whether initial jurisdiction over an application filed by an alien who has turned 18 lies with the Immigration Judge or the USCIS. Neither the TVPRA nor any other authority of which we are aware states that a DHS or HHS determination of UAC status is binding on an Immigration Judge in removal proceedings.[2] To the contrary, an "Immigration Judge has the authority to consider and decide whether he has jurisdiction over a matter presented to him." *Matter of Bulnes*, 25 I&N Dec. 57, 59 (BIA 2009).

Moreover, as an Operating Policies and Procedures Memorandum ("OPPM") from the Chief Immigration Judge titled "Guidelines for Immigration Court Cases Involving Juveniles, Including Unaccompanied

---

[2]  Other provisions of the TVPRA appear to contemplate that an Immigration Judge can independently evaluate a respondent's UAC status to determine his or her eligibility for relief from removal. *See* section 208(a)(2)(E) of the Act (stating that a UAC is not subject to the 1-year filing requirement and the "safe third country" limitations that are imposed on adult asylum applicants); 8 U.S.C. § 1232(a)(5)(D)(ii) (2012) (providing that a UAC is eligible for voluntary departure under section 240B of the Act, 8 U.S.C. § 1229c (2012), "at no cost to the child" and thus is exempt from the requirements of posting bond and establishing the financial means to depart the United States).

Alien Children" has indicated, "UAC status is not static, as both a UAC's age and his or her accompaniment may change. Thus, judges should ensure that an alien claiming to be a UAC is, in fact, a UAC at the time his or her case is adjudicated." OPPM 17-03, at 7 (Dec. 20, 2017), https://www.justice.gov/eoir/file/oppm17-03/download.

There is no dispute that the respondent was 18 years old when he filed his applications for asylum and withholding of removal before the USCIS and the Immigration Judge. He therefore no longer qualified as a UAC at those times.[3] Accordingly, section 208(b)(3)(C) of the Act is inapplicable and the Immigration Judge properly exercised initial jurisdiction to adjudicate the respondent's application.

The policy set forth in the Kim Memo, which indicates that asylum offices follow an initial UAC designation unless it is affirmatively terminated by the HHS, ICE, or CBP, is not embodied in a regulation that has the force and effect of law. Thus, although it may be relied on to the extent it is persuasive, it is not binding on either the Immigration Judges or this Board. *See, e.g.*, *Matter of Briones*, 24 I&N Dec. 355, 365 & n.7 (BIA 2007) ("DHS policy memoranda that have not been embodied in regulations are not binding on the Immigration Judges or this Board, although the policies contained in such memoranda can be adopted by the Board when appropriate."). By its terms, the Kim Memo does not purport to limit Immigration Judges' authority to determine whether a respondent in removal proceedings remains a UAC or whether section 208(b)(3)(C) of the Act applies.

Although the respondent was determined to be a UAC upon his apprehension by the DHS, the Immigration Judge properly exercised initial jurisdiction to adjudicate his asylum application because the respondent was no longer a UAC by virtue of having turned 18 before he filed his applications with the USCIS and the Immigration Judge. Since no other issues were presented on appeal, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[3] To the extent the Immigration Judge found that the respondent lacked UAC status by virtue of his release into the custody of a "legal guardian" (his aunt), we find no meaningful basis for appellate review on this record. Whether the respondent's aunt qualified as his "legal guardian" within the meaning of the UAC definition is, in part, a legal question that the Immigration Judge did not purport to decide. The matter therefore falls outside the scope of this decision.