# Matter of N-A-G-C-, Respondent

*Decided June 2, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Neither a previous designation as an unaccompanied alien child (UAC) nor an approved special immigrant juvenile (SIJ) petition gives an Immigration Judge authority to redetermine the custody status of an alien who has not been admitted to the United States. *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), followed.

FOR THE RESPONDENT: Michelle J. Moodispaw, Esquire, Glen Burnie, Maryland

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jeffery D. Lindsay, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER and VOLKERT, Appellate Immigration Judges; GILLIES, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals an Immigration Judge's bond order dated October 14, 2025, granting the respondent's request for a change in custody status and releasing him from custody upon payment of a $4,000 bond. The Immigration Judge issued a memorandum explaining the bond decision on March 31, 2026. The respondent opposes the appeal. We will sustain DHS' appeal, vacate the Immigration Judge's bond decision, and order the respondent detained without bond.

The respondent, a native and citizen of El Salvador, arrived in the United States on or about November 30, 2022, and was designated an unaccompanied alien child ("UAC") upon entry when he was 17 years old. On or about December 18, 2022, the Office of Refugee Resettlement ("ORR") transferred the respondent to the care of his biological brother. Thereafter, on January 21, 2025, a Maryland court awarded the respondent's custody to his mother, as she was residing in the United States.

On April 17, 2023, DHS served the respondent with a notice to appear charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i) (2018), as an alien present in the United States without being admitted or

paroled.  In September of 2025, the respondent was taken into DHS custody and the Immigration Judge conducted a custody redetermination hearing.

The Immigration Judge concluded that she had authority to redetermine the respondent's custody under section 236(a) of the INA, 8 U.S.C. § 1226(a) (2024).  The Immigration Judge rejected DHS' argument that the respondent is an applicant for admission subject to mandatory detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A) (2024).  The Immigration Judge concluded that the Board's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), did not control because the respondent had previously been designated a UAC upon entering the United States in 2022 at the age of 17, and has an approved Form I-360 petition as a Special Immigrant Juvenile ("SIJ").  The Immigration Judge further determined that the respondent did not present a danger to persons or property and that a $4,000 bond was sufficient to ensure his appearance at future proceedings.

On appeal, DHS argues that the Immigration Judge lacked authority to redetermine the respondent's custody because the respondent is an applicant for admission and is subject to the detention framework set forth in section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), pursuant to the Board's binding precedent in *Matter of Yajure Hurtado*.  We agree that neither a previous designation as a UAC nor an approved SIJ petition gives an Immigration Judge authority to redetermine the custody status of an alien who has not been admitted to the United States.

Upon de novo review, we conclude that *Matter of Yajure Hurtado* controls the outcome of the present case.[1]  8 C.F.R. § 1003.1(d)(3)(ii) (2026). Based on the text and structure of the INA, the Immigration Judge lacked statutory authority to redetermine the respondent's custody.  The INA provides that "[a]n alien present in the United States who has not been admitted . . . shall be deemed . . . an applicant for admission."  INA

---

[1]  We are aware that a federal district court in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026), vacated *Matter of Yajure Hurtado*, and that the United States Court of Appeals for the Ninth Circuit temporarily stayed that order.  *See Bautista v. DHS*, No. 26-1044, 2026 U.S. App. LEXIS 6750, at *2–3 (9th Cir. Mar. 6, 2026).  This case arises in Florence, Arizona, and is not within the Central District of California.  We also note that federal courts of appeals have reached differing conclusions regarding the scope of detention authority under INA §§ 235 and 236, 8 U.S.C. §§ 1225, 1226.  *Compare Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), *and Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), *with Barbosa da Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026), *and Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, Nos. 25-14065/14075, 2026 WL 1243395 (11th Cir. May 6, 2026).

§ 235(a)(1), 8 U.S.C. § 1225(a)(1) (2024). The respondent entered the United States without admission or parole and has not identified any lawful admission. Thus, under the statute's express terms, the respondent is an applicant for admission. *See Matter of Yajure Hurtado*, 29 I&N Dec. at 220–28; *Matter of Lemus*, 25 I&N Dec. 734, 743 & n.6 (BIA 2012). Detention authority for applicants for admission is governed by section 235(b) of the INA, 8 U.S.C. § 1225(b), which does not authorize Immigration Judges to consider bond for such aliens. Section 236(a) of the INA, 8 U.S.C. § 1226(a), governs a different statutory category and does not apply where Congress has prescribed detention rules for applicants for admission under section 235. *See generally Nielsen v. Preap*, 586 U.S. 392, 406–14 (2019) (analyzing the statutory provisions of section 236 of the INA, 8 U.S.C. § 1226).

The statutory framework applicable to applicants for admission remains under INA § 235, 8 U.S.C. § 1225, and does not change even after such aliens have resided in the interior of the United States for an extended period of time. Unlawful entry into the United States does not constitute admission, and remaining in the United States for an extended time following unlawful entry does not transform an illegal entry into a lawful admission. *See Matter of Lemus*, 25 I&N Dec. at 743 & n.6 (observing that "many people who are not *actually* requesting permission to enter the United States in the ordinary sense [including aliens present in the United States who have not been admitted] are nevertheless deemed to be 'seeking admission' under the immigration laws").

Rather, Congress made admission the relevant statutory classification. Section 235(a)(1) of the INA, 8 U.S.C. § 1225(a)(1), applies to any alien "present in the United States who has not been admitted," without temporal limitation. Courts may not insert a timing or interior-arrest restriction that Congress did not include. *Jennings v. Rodriguez*, 583 U.S. 281, 300–01 (2018); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (noting that "the government's past practice has little to do with the statute's text. The text says what it says, regardless of the decisions of prior Administrations. Years of consistent practice cannot vindicate an interpretation that is inconsistent with a statute's plain text.") (citing *Pereira v. Sessions*, 585 U.S. 198, 204 (2018)).

The Immigration Judge also reasoned that the respondent's prior designation as an unaccompanied child, his approved SIJ petition, and the protections contained in the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat. 5044

("TVPRA"), remove him from the detention framework applicable to applicants for admission. We conclude that the Immigration Judge erred.

The respondent was previously designated as a UAC, but he had attained the age of 18 in July 2023, more than 2 years before he was detained by DHS and requested custody redetermination before the Immigration Judge; thus, he no longer qualified as a UAC. *See* 6 U.S.C. § 279(g)(2); *see also Matter of M-A-C-O-*, 27 I&N Dec. 477, 479–80 (BIA 2018) (holding that a prior UAC determination does not necessarily govern subsequent proceedings after an alien turns 18 where the governing statute defines a UAC as a person who "has not attained 18 years of age"). This case does not concern the initial placement of a juvenile in ORR custody or the transfer of a person upon turning 18 from ORR custody to DHS custody pursuant to 8 U.S.C. § 1232(c)(2)(B) (2026). Likewise, issues regarding DHS placement determinations or obligations arising under the TVPRA are not before us in this custody appeal. The only issue before us is whether the Immigration Judge had authority to redetermine custody under INA § 236(a), 8 U.S.C. § 1226(a).

The respondent's circumstances do not constitute an admission to the United States, they do not alter the statutory definition of an applicant for admission in section 235(a)(1) of the INA, 8 U.S.C. § 1225(a)(1), and they do not confer authority on the Immigration Judge to redetermine custody under section 236(a) of the INA, 8 U.S.C. § 1226(a), where the respondent remains subject to the detention framework set forth in section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A). Congress has not provided that a prior UAC designation confers bond jurisdiction on an Immigration Judge, and a court may not create such authority by implication. *See Louisville & Nashville R.R. Co. v. Mottley*, 219 U.S. 467, 479 (1911) ("The court cannot add an exception based on equitable grounds when Congress forbore to make such an exception.").

We are not persuaded by the respondent's reliance on district court decisions concluding that SIJ status removes an alien from detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A). *See, e.g., Rodriguez v. Perry*, 747 F. Supp. 3d 911 (E.D. Va. 2024). Federal district court decisions are not binding on the Board. *Matter of K-S-*, 20 I&N Dec. 715, 718 (BIA 1993). Moreover, an approved SIJ petition does not alter the statutory framework governing custody redetermination before an Immigration Judge. For example, section 245(h)(2)(A) of the INA, 8 U.S.C. § 1255(h)(2)(A) (2024), provides that specified grounds of inadmissibility, including section 212(a)(6)(A), 8 U.S.C. § 1182(a)(6)(A), will not apply in determining the admissibility of certain special immigrants for purposes of

adjustment of status.  However, that limited adjustment provision does not constitute an admission or actual parole under section 212(d)(5) of the INA, 8 U.S.C. § 1182(d)(5) (2024), or otherwise alter an alien's classification as an applicant for admission under section 235(a)(1) of the INA, 8 U.S.C. § 1225(a)(1).  Nor does it create an exception to the detention provisions of section 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A).  While the respondent's approved SIJ petition may bear on potential eligibility for adjustment of status, it does not confer authority on an Immigration Judge to redetermine custody under section 236(a) of the INA, 8 U.S.C. § 1226(a).

We find no validity in the Immigration Judge's reasoning that the respondent's prior UAC designation renders him "exempt from a variety of grounds for removal," or by the Immigration Judge's reliance on *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), to provide a basis for custody-redetermination authority in these circumstances.  Bond proceedings are "separate and apart from the removal hearing" and address only whether the respondent should remain detained during the pendency of removal proceedings.  *Matter of Shentu*, 29 I&N Dec. 595, 599 (BIA 2026) (quoting *Matter of Guerra*, 24 I&N Dec. 37, 40 n.2 (BIA 2006)); *see also Matter of R-A-V-P-*, 27 I&N Dec. 803, 804 (BIA 2020) (distinguishing bond proceedings from removal proceedings).  Immigration proceedings are civil in nature.  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Detention during removal proceedings is a constitutionally permissible aspect of that process.  *Demore v. Kim*, 538 U.S. 510, 523 (2003).  Like other civil bond obligations, immigration custody determinations are governed by the statutory terms that authorize them and must be strictly construed.  *See generally United States v. Western Surety Co.*, 118 F.2d 703, 704 (9th Cir. 1941) (stringently construing statutory provision for immigration bond conditions).  The Immigration Judge possesses only the authority conferred by statute and regulation.  *See* 8 C.F.R. §§ 1003.19(a), 1236.1(d) (2026).

As the respondent remains an applicant for admission under INA § 235(a)(1), 8 U.S.C. § 1225(a)(1), the respondent remains subject to the detention framework set forth in INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), and the Immigration Judge therefore lacked authority to redetermine custody under INA § 236(a), 8 U.S.C. § 1226(a), notwithstanding the respondent's prior UAC designation and approved SIJ petition.  *See Matter of Yajure Hurtado*, 29 I&N Dec. at 220–28.[2]  Where

---

[2]  As the Immigration Judge did not have authority to grant bond, we need not address the Immigration Judge's findings related to danger or flight risk.  *Matter of Yajure Hurtado*, 29 I&N Dec. at 229 n.8 (citing *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam)).

Congress has mandated detention and omitted bond authority, we may not supply jurisdiction by implication.

Accordingly, the following orders will be entered.

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDERED:**  The Immigration Judge's bond decision is vacated, and the respondent is ordered detained without bond.