## MATTER OF CHIRINOS

### In Bond Proceedings

### A-20424783

*Decided by Board July 14, 1977*

(1) The primary consideration in a bail determination is that the parties be able to place the facts before an impartial judge as promptly as possible. There is no requirement for a formal "hearing." Informal procedures, even telephonic "hearings," are encouraged so long as prejudice does not result.

(2) There is no right to a transcript of a bond redetermination hearing.

(3) 8 C.F.R. 242.2(b) provides that bond redetermination hearings shall be held separate and apart from the deportation hearing itself. This was not done in this case. However, the respondent does not appear to have been prejudiced by this error. Therefore, the appeal from the immigration judge's order denying a bond redetermination will be dismissed.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

APPLICATION: Redetermination of bond

ON BEHALF OF RESPONDENT:
Frank Murray, Esquire
28 West Flagler, Suite 400
Miami, Florida 33130

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The respondent appeals from a decision of an immigration judge, dated January 24, 1977, denying his request for a bond redetermination. The appeal will be dismissed.

The respondent is a 24-year-old native and citizen of the Honduras, who last entered the United States on June 7, 1974, as a nonimmigrant visitor, authorized to remain until June 30, 1974. He was taken into custody by Service officers pursuant to an Order to Show Cause, Notice of Hearing and Warrant for Arrest, issued on January 14, 1977. The District Director authorized his release from custody under bond in the amount of $1,000. The bond was posted and he was released on January 17, 1977. At his deportation hearing on January 24, 1977, the respondent's request for cancellation of bond was denied by the immigration judge.

The regulations require that the determination of the immigration judge concerning custody status or bond shall be entered on Form I-342 and shall be accompanied by a memorandum by the immigration judge as to the reasons for his determination. 8 C.F.R. 242.2(b). Although these procedures were followed, the regulations also require that this consideration "be separate and apart from any deportation hearing or proceeding, and shall form no part of such hearing or proceeding or of the record thereof." 8 C.F.R. 242.2(b). Therefore, the procedures followed in this case were inappropriate. The bond issue should have been handled separately, with a separate order and a separate appeal to this Board.

Nevertheless, there is no right to a transcript of a bond redetermination hearing. Indeed, there is no requirement of a formal "hearing." Our primary consideration in a bail determination is that the parties be able to place the facts *as promptly as possible* before an impartial arbiter. To achieve this objective we not only countenance, but will encourage, informal procedures so long as they do not result in prejudice. Thus, we even favor telephonic "hearings" before the immigration judge with the consent of the parties, where feasible. The bail record forwarded to us, in addition to the memorandum of the immigration judge, may contain any information which will be helpful to our consideration of the matter. See *U.S. ex rel. Barbour* v. *District Director*, 491 F.2d 573 (C.A. 5, 1974).

Obviously, this informality cannot carry over to a deportation hearing. The requirement of a separate bond procedure and record is part of the effort to divorce, so far as possible, the bond matter from the deportation hearing. While it is sometimes helpful to have the results of the deportation hearing when considering a bond appeal, it is neither required, nor necessary. Moreover, if transcription of the deportation proceedings would entail delay in passing upon the bond appeal, it would be most undesirable to hold up a bond determination until a transcript could be prepared.

While the bond issue was not handled separately, on review of this case, the respondent does not appear to have been prejudiced by the error. The matter is before us now and on consideration of the merits of the bond appeal, we find that a bond in the amount of $1,000 is appropriate in this case. See *Matter of San Martin*, Interim Decision 2340 (BIA 1974).

ORDER: The appeal from the immigration judge's order denying a bond redetermination is dismissed.