# Matter of Paula CRUZ DE ORTIZ, Respondent

*Decided September 20, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Because section 246(a) of the Immigration and Nationality Act, 8 U.S.C. § 1256(a) (2006), relates only to proceedings to rescind lawful permanent resident status acquired through adjustment of status, the 5-year statute of limitations in that section is not applicable to bar the removal of an alien who was admitted to the United States with an immigrant visa. *Garcia v. Attorney General of the United States*, 553 F.3d 724 (3d Cir. 2009), distinguished.

FOR RESPONDENT: Cecilia Rodriguez, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Arya S. Ranasinghe, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated June 4, 2010, an Immigration Judge terminated the removal proceedings against the respondent, finding that she was not removable because her lawful permanent resident status had not been rescinded pursuant to section 246(a) of the Immigration and Nationality Act, 8 U.S.C. § 1256(a) (2006), within 5 years of her admission. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the Dominican Republic. On November 9, 1989, she was convicted in the United States District Court for the District of Puerto Rico of using an altered passport to gain entry into the United States in violation of 18 U.S.C. § 1543 (1988). In a decision dated November 14, 1989, an Immigration Judge ordered the respondent excluded from the United States, and she was deported the same day.

Subsequently, the respondent was admitted to the United States as a conditional lawful permanent resident when she arrived in Newark, New Jersey, on February 9, 1995. The conditional basis of her residence was

removed on December 30, 1996, upon the approval of her Petition to Remove Conditions on Residence (Form I-751).

On June 27, 2009, the DHS issued a Notice to Appear (Form I-862) charging that the respondent was removable under section 237(a)(1)(A) of the Act, 8 U.S.C. § 1227(a)(1)(A) (2006), as an alien who was inadmissible at the time of entry under sections 212(a)(2)(A)(i)(I), (6)(C)(i), and (7)(A)(i)(I) of the Act, 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (6)(C)(i), and (7)(A)(i)(I) (2006). According to the Notice to Appear, the respondent was inadmissible when she was admitted in 1995 because she had been convicted of a crime involving moral turpitude, she procured her admission as a conditional lawful permanent resident by fraud or willful misrepresentation by failing to disclose her attempted unlawful entry with an altered document and her subsequent conviction, and she therefore had no valid entry document.

At a hearing before the Immigration Judge, the respondent admitted the factual allegations and conceded the charges in the Notice to Appear. However, she filed a motion to terminate the proceedings based on the decision of the United States Court of Appeals for the Third Circuit in *Garcia v. Attorney General of the United States*, 553 F.3d 724 (3d Cir. 2009). The DHS opposed the motion, arguing that the provisions for rescission of lawful permanent resident status in section 246(a) of the Act are only applicable to aliens who acquired that status through the process of adjustment. The Immigration Judge disagreed and terminated the proceedings.

## II. ANALYSIS

Section 246(a) of the Act, which is entitled "Rescission of Adjustment of Status," currently provides, in pertinent part, as follows:

> If, at any time within five years *after the status of a person has been otherwise adjusted under the provisions of section 245 or 249 of this Act or any other provision of law* to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall *rescind the action taken granting an adjustment of status. . . .* Nothing in this subsection shall require the Attorney General to rescind the alien's status prior to commencement of procedures to remove the alien under section 240, and an order of removal issued by an immigration judge shall be sufficient to rescind the alien's status.

(Emphasis added.) The DHS argues on appeal that these provisions for rescission of adjustment of status are inapplicable in the respondent's case because she was admitted to the United States from abroad as a conditional lawful permanent resident, rather than acquiring that status through adjustment. For the same reason, the DHS contends that the Third Circuit's

decision in *Garcia* is not controlling. We review this question of law de novo and agree with the DHS.

In *Garcia*, the Third Circuit found that it was bound by its precedential opinion in *Bamidele v. INS*, 99 F.3d 557 (3d Cir. 1996), which held that the 5-year statute of limitations on initiating proceedings to rescind adjustment of status in section 246(a) of the Act extends to deportation proceedings where the grounds of deportability are based on the alien's fraud or misrepresentation in obtaining adjustment of status. The *Garcia* court noted our finding in that case that *Bamidele* was inapplicable because the 1996 amendment to section 246(a), which added the final sentence of the current provision, separated rescission and removal proceedings and thereby clarified that the 5-year limitation only applies to rescission, thus giving the DHS the option to choose which type of proceeding to initiate if the fraud in adjustment was discovered within 5 years. *Garcia v. Att'y Gen. of the U.S.*, 553 F.3d at 727; *see also* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Div. C of Pub. L. No. 104-208, § 378(a), 110 Stat. 3009-546, 3009-649. Over a dissent, the court found that the amendment did not alter its holding in *Bamidele* because the language regarding the 5-year statute of limitations remained in the statute.[1] However, both *Garcia* and *Bamidele* involved aliens

---

[1] The dissenting opinion concluded that under a plain reading of the statute, the 5-year bar was "meant to apply only to rescission proceedings," which "have no bearing on the Attorney General's authority to commence a removal action." *Garcia v. Att'y Gen. of the U.S.*, 553 F.3d at 730 (Fuentes, J., dissenting). Regarding the amendment to section 246(a), the dissent stated that "Congress's grant of permission to substitute a removal proceeding for removal and rescission suggests that the more extensive procedural protections associated with removal render the less formal step of rescission unnecessary." *Id.* at 731. It further noted that the court's adherence to *Bamidele* placed it "out of step with every other circuit to address § 246(a), both before and after the 1996 amendment." *Id.* (citing *Savoury v. Att'y Gen.*, 449 F.3d 1307 (11th Cir. 2006); *Asika v. Ashcroft*, 362 F.3d 264 (4th Cir. 2004); *Choe v. INS*, 11 F.3d 925 (9th Cir. 1993)); *see also Matter of Belenzo*, 17 I&N Dec. 374, 383 (BIA 1980; BIA, A.G. 1981) ("Under the plain terms of the Act, there is no statute of limitations for deportation and the 5-year period of [section 246] is, by its own terms, applicable only to rescission."); *Matter of S-*, 9 I&N Dec. 548 (BIA 1961, 1962; A.G. 1962) (finding no indication that Congress intended to afford the advantage of a statute of limitations on exclusion or deportation for those who wrongly acquired lawful permanent resident status through adjustment). Since *Garcia* was issued, two more circuits have disagreed with the Third Circuit's position regarding the applicability of the statute of limitations in removal proceedings. *Stolaj v. Holder*, 577 F.3d 651 (6th Cir. 2009); *Kim v. Holder*, 560 F.3d 833 (8th Cir. 2009); *see also Matter of D-R-*, 25 I&N Dec. 445, 463 (BIA 2011) (noting the longstanding view that removal and rescission proceedings are distinct and finding that Congress' amendment to section 246(a) of the Act clarified that it is not necessary to rescind the status of a lawful permanent resident prior to the commencement of removal proceedings). While we are bound in the Third Circuit by its holding in *Garcia*, we note our

(continued...)

603

who adjusted their status, and the court gave no indication that section 246(a) of the Act applies to an alien, such as the respondent, who was admitted as a lawful permanent resident from abroad and whose status was therefore never adjusted.

We disagree with the respondent's contention that section 246(a) of the Act encompasses aliens who were admitted to the United States as permanent residents, and we therefore find the Third Circuit's decision in *Garcia* inapplicable to her situation. The respondent conceded that she was admitted as a conditional lawful permanent resident when she arrived in Newark, New Jersey, on February 9, 1995. The plain language of section 246(a) of the Act makes that section applicable only to cases that involve "adjustment of status," a subset of the concept of "admission." *Matter of Briones*, 24 I&N Dec. 355, 361 (BIA 2007) (stating that in questions of statutory interpretation, the "touchstone of our analysis is the plain language of the statute"). We have held that adjustment of status can be treated as an "admission" and that aliens who have adjusted their status are assimilated to the same status as those who have been admitted at the border with an immigrant visa. *See Matter of Alyazji*, 25 I&N Dec. 397, 399-404 (BIA 2011). However, contrary to the respondent's assertion, the converse is not true. Therefore, section 246(a) of the Act—which addresses adjustment but not admission—is not applicable in this case, because the respondent was admitted in, but not adjusted to, lawful permanent resident status.

We are also not persuaded by the respondent's assertion that the phrase "otherwise adjusted under . . . any other provision of law" in section 246(a) of the Act indicates that its provisions are applicable to aliens, such as the respondent, who acquired lawful permanent resident status through consular processing and admission from abroad. That language clearly refers to other sections of law that address adjustment of status, such as sections 209(b) and 240A(b)(1) and (2)(A) of the Act, 8 U.S.C. §§ 1159(b) and 1229b(b)(1) and (2)(A) (2006), which also provide procedures for certain aliens to "adjust to the status of an alien lawfully admitted for permanent residence." Moreover, sections 221 and 222 of the Act, 8 U.S.C. §§ 1201 and 1202 (2006), which, as noted by the respondent, relate to the process for obtaining an immigrant visa to acquire lawful permanent residence, do not mention adjustment of status. *See* section 221(a)(1) of the Act (providing that "a consular officer may issue . . . to an immigrant who has made proper

---

(...continued)

agreement with the dissenting opinion that the 5-year bar is only relevant in rescission proceedings and has no applicability to removal proceedings.

application therefor, an immigrant visa").[2]  Moreover, because issuance of an immigrant visa through consular processing is not a form of adjustment, sections 221 and 222 are not provisions under which an alien may be "otherwise adjusted."

Finally, unlike the Immigration Judge, we do not consider whether, on equal protection grounds, section 246(a) must be applied to aliens admitted to the United States in lawful permanent resident status, an issue arising only because of the Third Circuit's interpretation in *Garcia* and *Bamidele*. It is clear that neither we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer. *See Matter of D-R-*, 25 I&N Dec. 445, 456 (BIA 2011); *Matter of Gonzalez-Camarillo*, 21 I&N Dec. 937, 940-42 (BIA 1997) (holding that we would not address the respondent's equal protection argument because we lack jurisdiction to consider the constitutionality of the Act); *Matter of Cenatice*, 16 I&N Dec. 162, 166 (BIA 1977).

## III.  CONCLUSION

The respondent was admitted to the United States with an immigrant visa from abroad and therefore did not adjust her status.  Under the plain language of the statute, section 246(a) of the Act does not apply in her case.  Accordingly, the DHS's appeal will be sustained.  However, the record will be remanded to give the respondent an opportunity to apply for any relief for which she may be eligible.

**ORDER:**  The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[2]  We recognize that section 249 of the Act, 8 U.S.C. § 1259 (2006), which is expressly referenced in section 246(a), likewise does not use the terminology of "adjustment."  But section 249 requires a prior entry into the United States, followed by a lengthy period of continuous residence, such that the "record of lawful admission for permanent residence" made pursuant to that section is analogous to an adjustment of status and not like an immigrant visa with which an alien enters the United States as a permanent resident from abroad.