**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3464
_____

PAULA CRUZ DE ORTIZ,

                                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

                                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA–1 A044-927-258)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2015

BEFORE: FISHER, CHAGARES AND COWEN, <u>Circuit Judges</u>

(Filed: May 11, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

COWEN, Circuit Judge.

Paula Cruz de Ortiz petitions for review of a decision by the Board of Immigration Appeals ("BIA"), which, in turn, dismissed her administrative appeal from the decision of the Immigration Judge ("IJ") pretermitting her application for cancellation of removal, denying her request for a continuance, and ordering her removal. We will deny her petition for review.

I.

In 1989, Petitioner, a native and citizen of the Dominican Republic, attempted to enter the United States with an altered passport. Petitioner was convicted of forgery or false use of a passport in violation of 18 U.S.C. § 1543 and deported. Subsequently, her husband (a United States citizen) filed an I-130 petition for alien relative, which was approved. A visa was issued for Petitioner by the American embassy, and she was admitted to the United States as a conditional lawful permanent resident on February 9, 1995. However, neither Petitioner nor her husband disclosed the existence of Petitioner's prior conviction. On December 24, 1996, Petitioner filed an I-751 petition to remove the conditions of her residency. This I-751 petition was approved on December 30, 1996.

On June 27, 2009, the Department of Homeland Security ("DHS") charged that Petitioner was removable pursuant to 8 U.S.C. § 1227(a)(1)(A) as an alien who was convicted of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and who was inadmissible at the time of entry under 8 U.S.C. § 1182(a)(6)(C)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). Petitioner moved to terminate the removal proceedings on the

ground that, under 8 U.S.C. § 1256(a), DHS had no legal authority to initiate removal proceedings more than five years from the date of her purported adjustment of status. The IJ agreed with the Petitioner and dismissed the case. In a published decision, In re Cruz de Ortiz, 25 I. & N. Dec. 601 (BIA Sept. 20, 2011), the BIA sustained DHS's appeal and remanded the case to give Petitioner an opportunity to apply for any relief for which she may be eligible (and to allow the IJ to enter a new decision). On remand, the IJ pretermitted Petitioner's application for cancellation and ordered her to be removed. The IJ also denied her motion to postpone because no I-130 petition (which could lead to an inadmissibility waiver) had been filed on Petitioner's behalf. Petitioner appealed to the BIA, but the BIA dismissed her appeal.[1]

## II.

The BIA recognized that this Court has held that the five-year statute of limitations established by § 1256(a) extends to removal proceedings where the grounds of removability are based on the alien's fraud or misrepresentation in obtaining adjustment of status.[2] See Garcia v. Attorney General, 553 F.3d 724, 725-29 (3d Cir. 2009); Bamidele v. INS, 99 F.3d 557, 558-65 (3d Cir. 1996). However, the agency determined

---

[1] Petitioner filed a motion to reopen proceedings, which included proof that her United States citizen daughter submitted an I-130 petition on her behalf (after the IJ's decision was issued). The IJ denied the motion on jurisdictional grounds (i.e., by the time the motion was filed, there was an appeal pending with the BIA), and Petitioner did not appeal to the BIA from this denial of her motion to reopen. According to Petitioner, the daughter's petition has been approved.

[2] We generally possess jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252.

that this provision does not apply to an alien "who was admitted as a lawful permanent resident from abroad and whose status was therefore never adjusted." De Ortiz, 25 I. & N. Dec. at 604. According to Petitioner, "the BIA erred in failing to *sua sponte* terminate proceedings pursuant to 8 U.S.C. § 1256(a), which Petitioner submits, barred the institution of removal proceedings against her, as she adjusted her status, from conditional to permanent resident, within the United States." (Petitioner's Brief at 7.) We agree with the Attorney General that the removal of conditions to lawful permanent residency does not fall under § 1256(a). Specifically, Petitioner did not file an application for adjustment of status to become a lawful permanent resident. Instead, she was admitted as a lawful permanent resident through the consular process and remained a lawful permanent resident when the conditions were removed. See, e.g., Malik v. Attorney General, 659 F.3d 253, 257 (3d Cir. 2011) ("Malik did not obtain an adjustment of status to become an LPR [lawful permanent resident]. Instead, he derived his LPR status through the process described in 8 U.S.C. § 1201. Because § 1256(a) explicitly discusses 'adjustment of status,' the statute of limitations does not apply to the institution of removal proceedings where Malik did not obtain his LPR status in this manner.").

Petitioner further contends that she was entitled to a continuance and that the IJ's refusal to grant her a continuance violated her due process right to a full and fair hearing. This Court does not have jurisdiction to review a final order of removal against an alien who is removable by reason of having committed a crime involving moral turpitude, although we do retain jurisdiction with respect to colorable constitutional and legal

4

claims. See, e.g., 8 U.S.C. § 1252(a)(2)(C), (D). We accordingly lack jurisdiction to consider a claim that the agency abused its discretion by denying a continuance. See, e.g., Rachak v. Attorney General, 734 F.3d 214, 216-17 (3d Cir. 2013). With respect to Petitioner's due process assertions, we conclude that the IJ conducted a full and fair hearing in this matter. We note, for instance, that Petitioner's counsel notified the IJ at a 2010 hearing that she would be filing for a waiver of inadmissibility on the grounds that "she has two U.S. citizen children." (AR57.) When asked how much time would be necessary to present evidence in support of a waiver, the attorney responded, "Not long." (AR59.) However, no I-130 petition had been submitted as of the February 2013 merits hearing—at which time the IJ appropriately refused to postpone this proceeding.

III.

For the foregoing reasons, we will deny the petition for review.