# Matter of R-A-V-P-, Respondent

*Decided March 18, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge properly determined that the respondent was a flight risk and denied his request for a custody redetermination where, although he had a pending application for asylum, he had no family, employment, or community ties and no probable path to obtain lawful status so as to warrant his release on bond.

FOR RESPONDENT:  Alexandra L. Lampert, Esquire

BEFORE:  Board Panel:  MALPHRUS, Acting Chairman; LIEBOWITZ, Board Member; MORRIS, Temporary Board Member.

MALPHRUS, Acting Chairman:

In a decision dated June 5, 2019, an Immigration Judge denied the respondent's request to be released on bond, providing the reasons for the denial in a bond memorandum issued on July 17, 2019.  The respondent has appealed from that decision.  The appeal will be dismissed.

The respondent is a native and citizen of Honduras who arrived in the United States on February 24, 2019.  He did not attempt to enter at a port of entry but entered unlawfully instead.  He was detained soon thereafter by the Department of Homeland Security ("DHS") and requested a change in his custody status.  The Immigration Judge denied that request based on a finding that the respondent failed to meet his burden to establish that he would not present a significant risk of flight if he is released on a monetary bond.[1]

The respondent argues that the Immigration Judge erred by not ordering his release on bond.  Specifically, he asserts that the DHS should bear the burden of proof to demonstrate that he should not be released on bond, which it has not met.  Alternatively, the respondent contends that the Immigration Judge erred in denying bond by mischaracterizing the record, giving insufficient weight to the evidence provided, and impermissibly elevating the burden of proof.

---

[1]  The Immigration Judge determined that the respondent would not pose a danger to community or a threat to national security if he is released on bond.  The DHS has not challenged the Immigration Judge's determination in this regard.  Therefore, the sole issue presented in this case is whether the respondent is "likely to abscond, or [is] otherwise a poor bail risk."  *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

The "setting of bond is designed to ensure an alien's presence at proceedings." *Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009). Whether an alien should be allowed to remain in the United States is determined in removal proceedings, but whether the alien should be detained pending that determination is considered in a separate bond proceeding. *See* section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2018); *Matter of Guerra*, 24 I&N Dec. 37, 37–38 (BIA 2006). Bond hearings provide a preliminary evaluation of the facts and evidence presented by the parties and are less formal than removal proceedings, where conclusive factual findings and legal determinations are made based on the testimony and evidence presented at a full hearing on the merits. *See Matter of Chirinos*, 16 I&N Dec. 276, 277 (BIA 1977).

Neither section 236(a) of the Act nor the applicable regulations confer on an alien the right to release on bond. *See Matter of D-J-*, 23 I&N Dec. 572, 575 (A.G. 2003) (citing *Carlson v. Landon*, 342 U.S. 524, 534 (1952)); 8 C.F.R. §§ 1003.19(a), 1236.1(d)(1) (2019). An alien requesting a redetermination of his or her custody status under section 236(a) "must establish to the satisfaction of the Immigration Judge and the Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Matter of Siniauskas*, 27 I&N Dec. 207, 207 (BIA 2018). The respondent's assertion that the DHS should bear the burden to demonstrate that he is a flight risk by clear and convincing evidence lacks merit because we have clearly held that section 236(a) places the burden of proof on the alien to show that he merits release on bond. *See Matter of Fatahi*, 26 I&N Dec. 791, 795 n.3 (BIA 2016) (stating that the Board has "consistently held that aliens have the burden to establish eligibility for bond while proceedings are pending"); *Matter of Guerra*, 24 I&N Dec. at 40.[2]

In conducting a custody hearing, the Immigration Judge should first consider whether the respondent is a danger to the community or a threat to national security before considering whether he presents a risk of flight. *See Matter of Urena*, 25 I&N Dec. at 141. Bond determinations depend heavily on the alien's circumstances and the specific facts of the case, and any "probative and specific" evidence may be considered in assessing whether his release on bond is warranted, including unfavorable evidence of his conduct. *See Matter of Guerra*, 24 I&N Dec. at 40–41. The Immigration Judge is in the best position to analyze these considerations and "may choose

---

[2] The respondent also argues that placing the burden of proof on the alien to establish that he merits release on bond is constitutionally deficient. However, we do not have the authority to entertain constitutional challenges to the statutes and regulations we administer. *See Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011).

to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40.

In determining whether an alien merits release on bond and what amount of bond is appropriate, the Immigration Judge may consider a variety of factors, including

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* The Immigration Judge may also consider the likelihood that relief from removal will be granted in determining whether an alien warrants bond. *See Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987) (stating that an alien with a greater likelihood of being granted relief has a stronger motivation to appear for a hearing than one who has less potential to obtain relief).

The respondent argues that the Immigration Judge mischaracterized the record and did not give sufficient weight to the evidence he submitted. We disagree and will affirm the Immigration Judge's decision.

The record reflects that the Immigration Judge properly considered and weighed the relevant factors in determining that the respondent presents a significant risk of flight and should remain in immigration custody pending the outcome of his removal proceedings. *See Matter of Guerra*, 24 I&N Dec. at 40 (stating that an Immigration Judge has broad discretion in deciding the factors that he may consider in custody redeterminations). The respondent only recently arrived in the United States, having entered without inspection, and he has made no claim to lawful status in this country, either now or in the past. He also has no family ties, no employment history, no community ties, or any record of appearances in court in the United States. These factors militate against the respondent's release on bond because they indicate that he is less likely to appear for his removal hearing. By contrast, we have found that an alien who had prior lawful status and a probable path to future lawful status, as well as immediate family members with whom he could continue to reside in the United States, did not present a flight risk. *See Matter of Patel*, 15 I&N Dec. 666, 667 (BIA 1976) (relying on the facts that the alien was admitted as a student, was living with his wife and United States citizen child, and was seeking lawful status through a labor certification filed by his  employer).

In support of his request for release on bond, the respondent maintains that he has a fixed address where he will reside and that he has demonstrated eligibility for relief from removal. He submitted a signed statement from an individual who indicated his willingness to support the respondent and provide him a place to stay in the United States. The statement was accompanied by this person's Honduran passport and a copy of a utility bill with his residential address. At the bond hearing, counsel for the respondent also proffered that this friend is willing to pay for a bus ticket for the respondent to travel to Texas and that his wife is familiar with the Houston Immigration Court.

While the friend's willingness to assist the respondent is laudable, we agree with the Immigration Judge that it is insufficient to adequately ensure the respondent's appearance for his removal proceedings and, if necessary, his removal from the United States. In considering the friend's written statement, the Immigration Judge properly noted the lack of independent evidence establishing his present immigration status, as well as his ability to support the respondent and ensure his appearance at future immigration hearings.[3]

In addition, the respondent's friend is not an immediate family member and does not appear to be related to him. The statement he provided does not include any information regarding how he knows the respondent or the nature of their relationship. The Immigration Judge properly concluded that counsel's proffer that the friend is willing to pay for a bus ticket for the respondent to travel to Texas and that his wife is familiar with the Houston Immigration Court falls far short of meeting the respondent's burden of proof to establish that he should be released on bond.

The respondent also asserts that he has a high incentive to appear for his hearings because he is seeking asylum. He maintains that he has demonstrated past persecution and a well-founded fear of persecution based on past threats of violence and homophobic harassment in Honduras. However, for various reasons, eligibility for asylum can be difficult to establish, and an Immigration Judge may consider an alien's circumstances in determining how likely it is that his application for relief will ultimately be approved. Even for aliens who are found to have a credible fear, a grant of asylum is uncertain, in part because the legal standard for establishing eligibility for asylum is higher than that for a credible fear.

---

[3] The respondent contends that it was not proper for the Immigration Judge to consider these factors since they are not listed in *Matter of Guerra*, 24 I&N Dec. at 40. Although not specifically enumerated there, these facts are relevant to determining whether the respondent's friend will provide a fixed address for him and will ensure his presence at future proceedings.

The Immigration Judge concluded that the respondent did not demonstrate a sufficient likelihood that he would be granted asylum.[4] The respondent's limited avenue for relief, combined with his other minimal ties to the United States, support the Immigration Judge's determination that the respondent poses a high flight risk and should be held without bond pending the outcome of his removal proceedings. *See Matter of Guerra*, 24 I&N Dec. at 40. We therefore agree with the Immigration Judge that the respondent failed to meet his burden to demonstrate that he does not present a significant risk of flight and that his release on bond is warranted. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[4] Although not controlling in this case, the internal records of the Executive Office for Immigration Review reflect that the Immigration Judge denied the respondent's application for asylum and related relief and protection in removal proceedings on November 7, 2019. His appeal from that decision is pending before us, and the Immigration Judge's decision is not administratively final. However, the current posture of the case does not improve the likelihood that the respondent will be granted relief from removal.