# Matter of E-Y-F-G-, Respondent

*Decided by Board May 6, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A grant of withholding of removal that is pending on appeal does not justify release on bond where the factors regarding flight risk weigh strongly against release on bond.

FOR THE RESPONDENT: Lauren Finkelstein, Esquire, Brooklyn, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ilijana Markisich, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge, MULLANE and GOODWIN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's bond order dated March 4, 2025, granting the respondent's request for a change in custody status and releasing her from custody upon payment of a $10,000 bond. The Immigration Judge issued a bond memorandum explaining his bond decision on March 26, 2025. DHS' appeal will be sustained.

The respondent's custody determination is governed by the provisions of section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) (2018). "An alien in a custody determination under th[is] section must establish . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Matter of Guerra*, 24 I&N Dec. 37, 38 (BIA 2006); *see also Matter of D-J-*, 23 I&N Dec. 572, 576 (A.G. 2003); *Matter of Adeniji*, 22 I&N Dec. 1102, 1112 (BIA 1999); 8 C.F.R. § 1236.1(c)(8). Section 236(a) of the INA, 8 U.S.C. § 1226(a), does not give detained aliens any right to release on bond; rather, it merely gives the Attorney General the authority to grant bond if he

---

[1] Pursuant to Order No. 6289-2025, dated June 6, 2025, the Attorney General designated the Board's decision in *Matter of E-Y-F-G-* (BIA May 6, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

or she concludes, in the exercise of broad discretion, that the alien's release on bond is warranted. *Matter of D-J-*, 23 I&N Dec. at 575. On appeal, DHS argues that the Immigration Judge erred in finding that the grant of withholding of removal, which DHS has appealed, constitutes a material change in circumstances since the prior bond redetermination, and that the respondent has not met her burden of establishing that she does not present a flight risk.

Even assuming, arguendo, that the Immigration Judge's grant of withholding of removal constitutes a material change in circumstances under 8 C.F.R. § 1003.19(e) (2025), we agree with DHS's alternative argument that the respondent has not met her burden on flight risk. *See id.* We consider a variety of factors in assessing whether an alien merits release on bond, including:

> (1) [W]hether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Matter of R-A-V-P-*, 27 I&N Dec. 803, 805 (BIA 2020) (quoting *Matter of Guerra*, 24 I&N Dec. at 40).

The record reflects that the respondent entered the United States unlawfully on September 6, 2023, does not have work history in this country, was arrested for petty theft on October 22, 2023, removed her court ordered GPS ankle monitor, and assisted her son in fleeing from law enforcement after shooting at a police officer. Weighing heavily against the respondent are the short length of her residency in this country, her criminal activity shortly after entry, her removal of the ankle monitor, and her role in assisting a fugitive in evading law enforcement; the respondent has demonstrated repeated disregard for the laws of this country during her short residence. *See Matter of R-A-V-P-*, 27 I&N Dec. at 805. While the respondent may succeed in securing relief from removal despite DHS' appeal, the grant of such relief is not final at this time, and the *Matter of Guerra*, 24 I&N Dec. at 40, factors weigh strongly against the respondent's release from custody given the flight risk she poses.

The Immigration Judge's grant of relief in removal proceedings is not final as it has been appealed. *See Matter of Adeniji*, 22 I&N Dec. at 1115 (holding that despite the Immigration Judge's grant of withholding of removal, given the alien's "criminal record and history of questionable or deceitful behavior," the alien is a flight risk "should he lose his case on the merits"). Bond proceedings are separate and distinct from removal proceedings. *See* 8 C.F.R. § 1003.19(d); *see also Matter of Guerra*, 24 I&N Dec. at 40 n.2 ("Bond proceedings are separate and apart from the removal hearing."). The determinations made here are only for the purpose of this bond appeal; the ultimate finding regarding removability and relief from removal will be made in the underlying removal proceedings. *See Matter of Chirinos*, 16 I&N Dec. 276, 277 (BIA 1977).

While we acknowledge the Immigration Judge's broad discretion in deciding whether or not to release an alien on bond, the favorable factors in this case do not outweigh the significant flight risk. *See Matter of D-J-*, 23 I&N Dec. at 575–76 (discussing the Attorney General's broad discretion in bond determinations). Thus, upon our de novo review, we conclude that the respondent has not met her burden of demonstrating to our satisfaction that she is not a flight risk. *See* 8 C.F.R. §§ 1003.1(d)(3)(ii), 1236.1(c)(8); *see also Matter of Adeniji*, 22 I&N Dec. at 1112–13; *Matter of Guerra*, 24 I&N Dec. at 40. Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's decision ordering the respondent released on $10,000 bond is vacated.

**FURTHER ORDER:** The respondent is ordered detained without bond.