# Matter of Gairat AKHMEDOV, Respondent

*Decided by Board June 30, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Significant discrepancies regarding whether the respondent lives in New York or Michigan and his past failure to file timely change of address notices with the Immigration Court, when considered in the totality of the circumstances, demonstrate that the respondent is a flight risk and does not warrant release on bond.

FOR THE RESPONDENT: Vano I. Haroutunian, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Aaron T. Keesler, Assistant Chief Counsel

BEFORE: Board Panel: MANN, BAIRD, and MAHTABFAR, Appellate Immigration Judges.

BAIRD, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has appealed the Immigration Judge's February 3, 2025, decision ordering the respondent's release from detention upon posting a $15,000 bond.[2] The respondent is opposed to the appeal. The appeal will be sustained.

The respondent's custody determination is governed by the provisions of section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2018). An alien in a custody determination under this section "must establish to the satisfaction of the Immigration Judge and the Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Matter of Siniauskas*, 27 I&N Dec. 207, 207 (BIA 2018). "Dangerous aliens are properly detained without bond," so an Immigration Judge should only set a bond if it is first

---

[1] Pursuant to Order No. 6354-2025, dated August 4, 2025, the Attorney General designated the Board's decision in *Matter of Akhmedov* (BIA June 30, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] On March 6, 2025, the Immigration Judge issued a bond memorandum setting forth the reasons for the decision.

determined that the alien does not present a danger to the community. *Matter of Urena,* 25 I&N Dec. 140, 141 (BIA 2009).

Whether the respondent has satisfied his burden of proof for bond is a legal question the Board reviews de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025). While we acknowledge the Immigration Judge's broad discretion in deciding whether or not to release an alien on bond, we agree with DHS that the respondent did not meet his burden of proof to demonstrate that he is not a flight risk. *See Matter of E-Y-F-G-*, 29 I&N Dec. 103, 104–05 (BIA 2025) (concluding that the respondent had not met her burden on flight risk despite a grant of relief from removal which was not final).

On appeal, DHS argues that the respondent has presented inconsistent evidence regarding whether he has a fixed address in the United States. *See id*. at 104 (identifying factors used in assessing whether an alien merits release on bond). The respondent, a native and citizen of Russia, entered the United States unlawfully in January 2022. At a February 2025 bond hearing, the respondent claimed he had a permanent address residing in Michigan, where he has family ties including his brother-in-law. However, the record establishes that the respondent has ties to New York, where he has lived, and that he only recently reported to the Immigration Court that he was living at an address in Michigan.

In support of his request for custody redetermination, the respondent submitted a letter from a cousin who purportedly resides in Rego Park, New York, and who specifically offered to provide shelter to the respondent. In its brief, DHS advises that in July 2023, the respondent notified the Immigration Court that he was living in Rego Park, New York, and that he filed a motion to change venue from Michigan to New York in October 2023.[3] DHS further points out that when the respondent was encountered on January 15, 2025, by immigration officers in Michigan, his address of record with the Immigration Court was still in New York, even though he told the officers he was living in Michigan. The electronic administrative records of this agency reflect that the respondent did not change his address with the Immigration Court from New York to Michigan until after his encounter with immigration officers in January 2025.[4] *See*

---

[3] We observe that the respondent submitted evidence regarding an employment authorization card, which was mailed to him at an address in New York, New York, in February 2023, approximately 5 months before the respondent notified the Immigration Court of his change of address from Michigan to New York.

[4] The record includes a Change of Address/Contact Information Form Immigration Court (Form EOIR-33/IC), which was filed on February 12, 2025, indicating that the

*Matter of M-R-A-*, 24 I&N Dec. 665, 674–75 (BIA 2008) (stating that an alien must comply with the statutory responsibility to provide current address information); 8 C.F.R. § 1003.15(d)(2) (2025) (requiring an alien to provide notice to the Immigration Court of any move within 5 days).

The respondent's arguments before the Board regarding DHS' address concerns are not persuasive. In particular, his argument that he "eventually report[ed]" his change of address from New York to Michigan does not address why his address with the Immigration Court changed only after he was encountered by immigration officers in January 2025, a period of more than 1 year after he filed a request to change venue from Michigan to New York. Nor does it provide any detail regarding why the February 2025 change of address form in the record, submitted after the respondent indicated to immigration officers that he was living at 2331 Poland St., Hamtramck, Michigan, indicates the respondent moved from an address in Port Huron, Michigan, to the same address he provided immigration officers.[5]

The Immigration Judge did not address these address discrepancies, the respondent's length of residence in this country is short, and the merits of any claims to relief from removal are unknown. *See Matter of R-A-V-P-*, 27 I&N Dec. 803, 806–07 (BIA 2020) (recognizing that the likelihood that a respondent will be granted relief is a factor to consider in determining flight risk). Overall, considering the totality of the circumstances, we are not persuaded that the respondent has met his burden of demonstrating that he is not a flight risk. *See Matter of E-Y-F-G-*, 29 I&N Dec. at 105. No monetary bond, even if coupled with alternatives to detention, would be sufficient to ensure the respondent's appearance at future immigration hearings and, if necessary, his surrender for removal from this country.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's decision ordering the respondent released on $15,000 bond is vacated.

**FURTHER ORDER:** The respondent is ordered detained without bond.

---

respondent's address changed from an address in Port Huron, Michigan, to an address in Hamtramck, Michigan.

[5] The 2331 Poland St., Hamtramck, Michigan address also differs from where the respondent's brother-in-law resides in Hamtramck, Michigan.