# Matter of Z-N-L-, Respondent

*Decided March 12, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The discrepancies in the record regarding whether the respondent resides in Oklahoma, where he was apprehended, or California, as claimed in his application, when considered as part of the totality of the circumstances, demonstrate that the respondent is a flight risk and does not warrant release on bond. *Matter of Akhmedov*, 29 I&N Dec. 166 (BIA 2025), followed.

FOR THE RESPONDENT: James J. Pasquali, Oklahoma City, Oklahoma

FOR THE DEPARTMENT OF HOMELAND SECURITY: Max W. Rerucha, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, OWEN, and GEMOETS, Appellate Immigration Judges.

OWEN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the Immigration Judge's September 22, 2025, decision granting the respondent's request for a change in custody status and ordering the respondent's release from custody upon the posting of a $7,500 bond. The respondent, a native and citizen of China, opposes the appeal. We will sustain the appeal, vacate the Immigration Judge's decision, and order the respondent held in DHS' custody without bond.

The Immigration Judge granted the respondent a change in custody status after determining that he carried his burden of establishing that his release would not pose a danger to persons or property and that a bond amount of $7,500 would secure his appearance at future hearings. *See* 8 C.F.R. § 1236.1(c)(8) (2026). Immigration Judges have broad discretion in deciding what factors to consider in determining whether an alien warrants release from detention and, if so, what amount of bond is appropriate. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). Whether an alien poses a flight risk is a question of judgment the Board reviews de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2026). We review the factual findings underlying that judgment for clear error. 8 C.F.R. § 1003.1(d)(3)(i) (2026).

Upon de novo review, we conclude that the respondent did not meet his burden to demonstrate that he is not a flight risk or that his flight risk could be mitigated by posting a bond.  In *Matter of Akhmedov*, 29 I&N Dec. 166, 167–68 (BIA 2025), we held that significant discrepancies regarding the respondent's residence in different states and his past failure to file timely change of address notices with the Immigration Court demonstrated that he is a flight risk and does not warrant release on bond.  Similarly, the record in this case includes inconsistent evidence regarding whether the respondent has a fixed address in the United States.  *See Matter of Akhmedov*, 29 I&N Dec. at 167 (highlighting inconsistent residence evidence); *see also Matter of Guerra*, 24 I&N Dec. at 40 (listing a fixed address as a factor to consider in evaluating whether an alien merits release on bond).

The Immigration Judge did not consider the significant discrepancies in the record regarding the respondent's residence.  According to the Form I-213, Record of Deportable/Inadmissible Alien, DHS agents encountered the respondent living and working at a business that was illegally growing marijuana in Oklahoma.  The respondent's bond request worksheet asserts he was detained by immigration officials "at [his] residence."  However, in the asylum application he filed with United States Citizenship and Immigration Services, the respondent indicated that he resides in California.  The respondent's purported sponsor also claims to live at the same address in California.  The respondent bears the burden of resolving discrepancies in the record, and he has not done so here.

Furthermore, although the respondent's alleged sponsor states in his affidavit that he is the respondent's cousin, the respondent has submitted no evidence to verify this claimed relationship.  *See Matter of Dobrotvorskii*, 29 I&N Dec. 211, 213–14 (BIA 2025) (explaining that "evidence of a legitimate sponsor relates directly to whether the alien has a fixed address, which is a flight risk factor").  In addition, the fact that the respondent has an affirmative asylum application pending does not sufficiently mitigate his flight risk.  *See Matter of R-A-V-P-*, 27 I&N Dec. 803, 806–07 (BIA 2020) (explaining that an application for relief may not be a sufficiently strong incentive to ensure a respondent's appearance); *see also Matter of E-Y-F-G-*, 29 I&N Dec. 103, 104–05 (BIA 2025) (providing that even an Immigration Judge's grant of relief may not adequately mitigate flight risk).

Overall, the discrepancies in the record regarding whether the respondent resides in Oklahoma, where he was apprehended, or California, as claimed in his application, when considered as part of the totality of the circumstances, demonstrate that the respondent is a flight risk and does not

warrant release on bond.  Therefore, we will vacate the Immigration Judge's decision and order the respondent detained without bond.

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's September 22, 2025, decision ordering the respondent released on $7,500 bond is vacated.

**FURTHER ORDER:**  The respondent is ordered detained without bond.